Leeor Neta, State Bar No. 233454
*leeor@newmanlaw.com*
NEWMAN DU WORS LLP
600 California Street, 11th Floor
San Francisco, CA 94109
Telephone: (415) 944-5422
Facsimile: (415) 944-5423

Attorneys for Plaintiff
ALTARE PUBLISHING, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALTARE PUBLISHING, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM DOIL, an individual; TOM JORDAN, an individual; SOLID RESOURCES, LLC, a Nevada limited liability company; and DOES 1–20,<br><br>Defendants. | No. 3:17-cv-1158<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Altare Publishing, Inc. ("Altare") brings this complaint against Defendants William Doil, a Florida resident, Tom Jordan, a Nevada resident, Solid Resources, LLC, a Nevada limited liability company, and Does 1–20 upon personal information as to Altare's own activities and upon information and belief as to the activities of others, as follows:

## I.   INTRODUCTION

1. Altare develops and offers personal-improvement and self-help products which it promotes using original, innovative, and compelling websites.

2. To promote and sell its products, Altare maintains and operates a health and technology news blog branded with the NETNOVA mark and located at www.netnova.com (the "NetNova Site").

3. The NetNova Site contains news articles and blog posts targeted at Altare's potential customers. The articles include links to Altare's sales-focused websites, which allow customers to purchase Altare's products and services. Altare uses the NetNova Site to market its products directly to its customers.

4. At the top of every webpage of the NetNova Site, Altare uses a stylized version of the NETNOVA mark along with a slogan, and color and graphic background elements (the "NetNova Design Mark"). Altare has continuously used the NETNOVA mark and NetNova Design Mark since at least 2011 to market its goods and services to customers.

5. The NETNOVA mark and the NetNova Design Mark are distinctive. Consumers recognize the NETNOVA mark and the NetNova Design Mark as exclusively identifying Altare and its goods and services. The NetNova Design Mark appears below as Figure 1.

6. Altare licenses use of its NETNOVA mark and NetNova Design Mark.

7. Defendants sell competing self-help and self-improvement products.

8. To promote their competing goods, Defendants registered and use the

<netnovaresearch.com> domain, which directly infringes upon Altare's rights to the NETNOVA mark (the "Infringing Domain Name").

9. Defendants also operate websites located at www.herpeserased.net, and www.medicalpublicationsreport.com (Defendants also use several variations of "medicalpublicationsreport.com", and together these are the "Infringing Sites"). Defendants use the Infringing Sites to compete with Altare by marketing products and services similar or identical to Altare's products and services.

10. On the Infringing Sites and in the Infringing Domain Name, Defendants use the NETNOVA mark and the NetNova Design Mark without Altare's authorization.

11. Defendants also use the <dedicatedoffers.com> domain to direct traffic to their other websites and domains as part of their overall business operations.

12. Altare now sues Defendants for infringement of its NETNOVA trademark and NetNova Design Mark, and cybersquatting. Altare seeks injunctive relief to prevent further irreparable harm caused by Defendants' infringement.

13. Altare also seeks an award of compensatory damages and profits from Defendants' infringement and statutory damages in the amount of $100,000 for the domain name Defendants registered, used, or trafficked in in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

14. Altare also seeks an award of its attorney's fees under 15 U.S.C. § 1117(a)(3) based on a determination that this is an exceptional case because of Defendants' willful infringement and disregard for Altare's trademark rights.

## II.   PARTIES

15. Plaintiff Altare Publishing, Inc. is a New Jersey corporation with its principal place of business in New York, New York.

16. Defendant William Doil is an individual believed to reside in Florida and the registrant of <herpeserased.net>.

17. Defendant Tom Jordan is an individual believed to reside in Nevada and is the registrant of <dedicatedoffers.com>.

18. Defendant Solid Resources, LLC is a Nevada limited liability company with its principal place of business believed to be located at 5348 Vegas Dr. #500, Las Vegas, Nevada 89108 and is listed as the registrant organization of <dedicatedoffers.com.>

19. Altare is unaware of the true names and capacities of the defendants identified as Does 1–20 and therefore sues those defendants under fictitious names. Altare will amend this complaint to allege their true names and capacities when ascertained. Each of the fictitiously named defendants is responsible for the creation, publication, distribution, and display of Defendants' infringing websites. These fictitiously named defendants, along with the other named defendants, are referred to collectively as "Defendants."

20. Each defendant aided and abetted the actions of the other defendants set forth above, in that each defendant had knowledge of those actions, provided assistance and benefitted from those actions. Each of the defendants was the agent of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants.

## III. JURISDICTION AND VENUE

21. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Altare's claims arise under the federal Lanham Act, 15 U.S.C. § 1125(a)-(d).

22. This Court has personal jurisdiction over Defendant William Doil because he has continuous and systematic contacts with the State of California, including without limitation, that he purposefully directs his website to residents of California.

23. The Court also has personal jurisdiction over Defendant Doil because

he engaged in the acts and omissions giving rise to Altare's claims in this judicial district.

24. This Court has personal jurisdiction over Defendant Tom Jordan because Jordan has continuous and systematic contacts with the State of California, including without limitation, that he purposefully directs his website to residents of California.

25. The Court also has personal jurisdiction over Defendant Jordan because he engaged in the acts and omissions giving rise to Altare's claims in California.

26. This Court has personal jurisdiction over Defendant Solid Resources, LLC because it engaged in the acts and omissions giving rise to Altare's claims in this judicial district.

27. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district and because the Defendants are not residents of the same State.

28. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Altare's claims occurred in this judicial district because Altare's direct a substantial portion of their business to California residents and by attempting to cause consumer confusion with their trademark infringement, Defendants likewise direct a substantial portion of their business activities to California residents.

## IV. INTRADISTRICT ASSIGNMENT

29. This is an Intellectual Property Action to be assigned on a district-wide basis under Civil L.R. 3-2(c).

## V. FACTS

### A. Altare uses the NETNOVA mark, the NetNova Design Mark, the <netnova.com> domain, and the website located at http://www.netnova.com, to market its personal improvement and self-help products on the internet.

30. Altare publishes and markets several personal improvement and self-help products on the internet, including the Pandora's Box system of dating advice for men using a website located at http://www.3simplequestions.com.

31. Altare markets its products with the NETNOVA mark and the NetNova Design Mark using the <netnova.com> website .

32. The NetNova Design Mark consists of a stylized version of the NETNOVA mark, a short slogan, and the blue background graphic as follows:

*Figure 1 NetNova Design Mark*

Altare uses the NetNova Design Mark atop each individual webpage that makes up the NetNova Site.

### B. Defendants infringe upon Altare's trademarks by using the NETNOVA mark, using a confusingly similar design mark to the NetNova Design Mark, and leveraging the similarities with the NetNova Site to sell goods and services in direct competition with Altare.

33. Defendants operate a competing business selling similar types of self-improvement and self-help products, all marketed and sold exclusively online.

34. Defendants registered <netnovaresearch.com> (the Infringing Domain Name) and concealed their identity with a privacy-protection service.

35. Defendants also operate the Infringing Websites.

36. Defendants use Altare's NETNOVA mark in exactly the same way that Altare uses it: on a blog containing news stories and scientific information

designed to help sell Defendants' products, all of which compete directly with Altare's products. Defendants' websites—and especially sites using the Infringing Domain Name—contain the same types of articles that appear on Altare's NetNova Site.

37. On the website using the Infringing Domain Name, Defendants use a webpage header that is confusingly similar to the NetNova Design Mark. Defendants simply copied Altare's logo and slogan, as shown below:

NETNOVA
What's new in health, science, technology, and more.

*Figure 22 Header from http://netnovaresearch.com/prolazyme-thr.php.*

ADVERTISEMENT

NETNOVA
What's new in health, science, technology, and more.

Herpes is a Relationship Killer

Finally...The Permanent Cure for Herpes that Lets You Enjoy the Love Life You Deserve!

January 26, 2017 | 651,528 | Like 5.5k

*The herpes virus can be devastating. These very small outbreaks make a huge impact on your life. Honestly, it's embarrassing and sometimes it sends you down a spiralling staircase of depressive woes.*

*Figure 3 Header from medicalreportpublications.com.*

38. Defendants never requested a license to use the NETNOVA mark or the NetNova Design Mark. And Altare never consented to Defendants' use of the NETNOVA mark or the NetNova Design Mark.

39. The use of the NETNOVA mark and NetNova Design Mark is intended to and does result in consumer confusion.

40. Consumers who may be looking for Altare's brand of products and services will be confused by Defendants' infringements, resulting in damages to Altare.

41. Accordingly, Altare filed this lawsuit seeking damages and injunctive

relief.

**C. Public records indicate that Defendants are responsible for the Infringing Domain Name and Infringing Websites.**

42. Public records currently show Defendants Tom Jordan and Solid Resources, LLC as the registrants of the <dedicatedoffers.com> domain. This domain is used by the Infringing Websites to redirect traffic to Defendants' e-commerce sites.

43. Public records currently show Defendant William Doil as the registrant of the <herpeserased.net> domain.

44. The registrants of both <medicalpublicationsreport.com> and <netnovaresearch.com> use Domains by Proxy's private registration service and their identities are unknown.

45. The Infringing Sites connect to each other as follows: websites at <netnovaresearch.com> contain hyperlinks to websites at <herpeserased.net>; websites at <herpeserased.net> contain hyperlinks to <dedicatedoffers.com>, which redirects users to an e-commerce platform that allows them to purchase Defendants' products.

**VI. FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**LANHAM ACT, 15 U.S.C. § 1125(A).**

46. Altare realleges and incorporate as if set fully forth herein paragraphs 1 through 45 of their Complaint.

47. Altare is the owner of the NETNOVA mark.

48. Altare and its licensees have used the NETNOVA mark in commerce continuously since at least 2011 to market their self-help and self-improvement products and services and related dietary supplements. The mark is used prominently on every page associated with the <netnova.com> domain.

49. Altare's NETNOVA mark is inherently distinctive or has acquired distinctiveness.

50. The word mark "NetNova" as used for Defendants' competing news-based marketing sites is identical and intentionally confusing to consumers.

51. Altare does not consent to Defendants' use of the NETNOVA mark, and never gave Defendants permission or authorization to use the NETNOVA mark or any confusingly similar name.

52. Defendants' use of the NETNOVA mark for news-based marketing websites is in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to an association, affiliate, sponsorship, or endorsement of Defendants' goods and services with or by Altare, with the permission or authorization of Altare.

53. Defendants' current and continued use of the NETNOVA mark as described above is likely to cause confusion, to cause mistake, or to deceive the purchasing public.

54. Defendants' infringing acts are intentional and willful. Defendants have been on notice of Altare's NETNOVA mark by virtue of its long-standing ownership of the <netnova.com> domain and use of the mark.

55. As a proximate result of Defendants' conduct, Altare has suffered, and unless Defendants are enjoined will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base, and damages in an amount to be determined at trial.

56. Defendants' conduct has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

## VII. SECOND CAUSE OF ACTION
## DESIGN MARK INFRINGEMENT
## LANHAM ACT, 15 U.S.C. § 1125(A)

57. Altare realleges and incorporate as if set fully forth herein paragraphs 1 through 56 of their Complaint.

58. Altare is the owner of the NetNova Design Mark.

59. Altare and its licensees have used its NetNova Design Mark in commerce continuously since at least 2011 to identify their products and services and to distinguish them from those made and sold by others. Altare has prominently displayed the NetNova Design Mark on every webpage located at the <netnova.com> domain.

60. The NetNova Design Mark is inherently distinctive or has acquired distinctiveness.

61. The NetNova Design Mark is nonfunctional and instead merely ornamental, incidental, and arbitrary.

62. Defendants have infringed the NetNova Design Mark by using, in connection with the sale or offering of services in commerce, the same or confusingly similar mark for the Infringing Sites in a manner that is confusingly similar to the NetNova Design Mark, without Altare's permission or authorization.

63. Defendants current and continued use of a design mark confusingly similar to the NetNova Design Mark is likely to cause confusion, to cause mistake, or to deceive the purchasing public.

64. Defendants' infringing acts are intentional and willful. Defendants have been on notice of Altare's NetNova Design Mark by virtue of its long-standing ownership of the <netnova.com> domain and use of the NetNova Design Mark.

65. As a proximate result of Defendants' conduct, Altare has suffered, and unless Defendants are enjoined will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base, and damages in an amount to be determined at trial.

66. Defendants' conduct has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

## VIII. THIRD CAUSE OF ACTION
## CYBERSQUATTING
## LANHAM ACT, 15 U.S.C. § 1125(D)

67. Altare incorporates Paragraphs 1–66 of their Complaint by reference.

68. Defendants registered and are currently the registrant of the Infringing Domain Name.

69. Defendants registered and have maintained the registration of the Infringing Domain Name on behalf of themselves and all other Defendants.

70. Altare's NETNOVA mark was distinctive at the time Defendants registered the Infringing Domain Name.

71. The Infringing Domain Name is confusingly similar to Altare's NETNOVA mark as used in the <netnova.com> domain.

72. Defendants registered, trafficked in, or used the Infringing Domain Name in bad faith and with a bad faith intent to profit from Altare's NETNOVA mark.

73. Defendants do not have any intellectual property rights or other rights in Altare's NETNOVA mark.

74. Defendants have not made any prior use of the Infringing Domain Name in connection with the *bona fide* offering of goods or services.

75. Defendants have not made any *bona fide* fair use of the NETNOVA mark in a website accessible under the Infringing Domain Name.

76. Defendants registered and used the Infringing Domain Name to divert consumers from Altare's NetNova Site to websites accessible under the Infringing Domain Name for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of these websites.

77. Defendants registered the Infringing Domain Name, which they know is identical or confusingly similar to Altare's mark that was distinctive at the time of registration.

78. Defendants' registration, use, or trafficking in the Infringing Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

79. Defendants' conduct has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

80. As a proximate result of Defendants' conduct, Altare has suffered, and unless Defendants are enjoined, will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base.

81. Under 15 U.S.C. § 1117, Altare is entitled to recover its actual damages, Defendants' profits, and the costs of this action.

82. Alternatively, at Altare's election under 15 U.S.C. § 1125(d), instead of actual damages and profits, Altare is entitled to an award of statutory damages in the amount of $100,000 for the Infringing Domain Name.

83. Defendants committed their wrongful acts willfully and with notice of Altare's rights. This is an exceptional case under 15 U.S.C. § 1117(l)(3), making Altare eligible for an award of its reasonable attorneys' fees.

## IX. RELIEF REQUESTED

WHEREFORE, Plaintiff Altare Publishing, Inc. requests that the Court enter judgment against Defendants as follows:

1. Temporary and permanent injunctive relief enjoining future infringement of the NETNOVA mark and the NetNova Design Mark, including but not limited to:

    a. Using in any manner the trademark NETNOVA and other term or terms likely to cause confusion therewith;

    b. Using in any manner the NetNova Design Mark and any other design mark that is likely to cause confusion therewith; and

    c. Otherwise engaging in any other acts or conduct that would cause consumers to believe that Defendants' products or services are in any

   way sponsored by, authorized by, licensed by, or in any way associated with Altare or with Altare's products and services, specifically by using hyperlinks to Altare's Terms & Conditions and Privacy Policy webpages.

 2. Temporary and permanent injunctive relief restraining and enjoining Defendants, and their agents, representatives, employees, attorneys, successors and assigns, and all persons acting for, with, by through or under them, and each of them, from registering, using, or trafficking in, in any manner, any internet domain name that incorporates, in whole or in part, Altare's NETNOVA mark, or any name, mark or designation confusingly similar thereto.

 3. A judgment, order, or injunction directing Defendants to deliver up for destruction all internet websites using the NETNOVA mark or the NetNova Trade Dress.

 4. A judgment, order, or injunction under 15 U.S.C. § 1125(d)(2)(C) directing Defendants to transfer every internet domain name that they own which is identical or confusingly similar to Altare's NETNOVA mark to Altare, specifically including the Infringing Domain Name.

 5. A judgment, order, or award of actual general and compensatory damages adequate to compensate Altare for Defendants' unlawful conduct.

 6. Punitive, special, or exemplary damages as allowed by law, including an award of treble damages under 15 U.S.C. § 1117 based on a finding that this is an exceptional case because Defendants' infringement and unfair competition was knowing and willful.

 7. An award of statutory damages under 15 U.S.C. § 1117(d), on election by Altare instead of actual damages and profits from Defendants' cybersquatting in violation of 15 U.S.C. § 1125(d), in the amount of $100,000 for the Infringing Domain.

8. Restitution and disgorgement of Defendants' profits from infringement or obtained by Defendants as the result of unjust enrichment, and an order directing Defendants to account to Altare for all profits they have derived from their infringement and cybersquatting as described herein.

9. An award of Altare's reasonable attorneys' fees and costs, as allowed by law.

10. An order directing Defendants to file with the Court and serve on Altare a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within 30 days after the service of the injunction and judgment on Defendants.

11. Such other, further, and different relief as the Court may otherwise deem just and proper under the circumstances.

## X. JURY DEMAND

Altare requests trial by jury of all claims that can be so tried.

DATED this 6th day of March 2017.

**NEWMAN DU WORS LLP**

By: ______________________
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com

Attorneys for Plaintiff
Altare Publishing, Inc.